Zurich Am. Ins. Co. v 56th & Park (NY) Owner, LLC

2026 NY Slip Op 02234

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Zurich American Insurance Company, as Subrogee of 432 Park Condominium, Plaintiff,

v

56th and Park (NY) Owner, LLC, Defendant-Respondent, GCI Northeast Inc., Defendant-Appellant, Mueser Rutledge Consulting Engineers PLLC et al, Defendants.

56th and Park (NY) Owner, LLC, Third-Party Plaintiff,

v

Mueser Rutledge Consulting Engineers, Third-Party Defendant-Respondent. And A Second Third-Party Action

Decided and Entered: April 14, 2026

Index No. 160495/22, 595588/23, 595106/24|Appeal No. 6371|Case No. 2025-02232|

Before: Webber, J.P., Gesmer, Mendez, Pitt-Burke, Hagler, JJ.

Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for appellant.

Troutman Pepper Locke LLP, New York (Kevin P. Wallace of counsel), for 56th and Park (NY) Owner LLC, respondent.

[*1]

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about February 27, 2025, which, to the extent appealed from as limited by the briefs, granted the motion of defendant/third-party plaintiff 56th and Park (NY) Owner, LLC for summary judgment on its contractual indemnification claim against defendant CGI Northeast Inc., and declared that 56th and Park (NY) Owner, LLC is entitled to contractual indemnification from CGI under the terms of their agreement, unanimously affirmed, with costs.

56th and Park (NY) Owner, LLC , whose agreement with CGI required the latter to indemnify "Owner (56th and Park (NY) Owner, LLC), its related or affiliated companies, subsidiaries, partnerships, joint ventures, shareholders, members, donors, lenders, investors, officers, directors, trustees, [and] employees at every tier . . . ('Indemnitees') from and against all losses . . . except to the extent caused by the Indemnitees' active negligence or willful misconduct," met its prima facie burden by showing that neither it nor any of the other potential indemnitees identified in the agreement actively caused the underlying accident. 56th and Park (NY) Owner, LLC was not actively involved in the construction work. Moreover, it did not supervise or direct the work of defendant McGraw Hudson Construction Company (McGraw) which was hired as development manager to supervise the design and construction of a building. McGraw's work in that capacity cannot reasonably be included in any of the categories of indemnitees defined in the contract, so the alleged negligence on its part cannot be imputed to 56th and Park (NY) Owner, LLC for purposes of the indemnification provision.

CGI failed to raise a triable issue of fact as to whether the underlying accident was caused by the active or willful misconduct of any of the potential indemnitees identified in the contract, or whether McGraw could be considered one of those indemnitees. We note that "agent" is not one of the categories of potential indemnitees set forth in the agreement, and that the building's general manager's testimony that 56th and Park (NY) Owner, LLC and McGraw were "related," without elaboration, is insufficient to create an issue of fact as to whether they were related for purposes of the agreement.

[*2]

56th and Park (NY) Owner, LLC satisfied its initial burden of showing that General Obligations Law § 5-322.1 is not a bar to recovery under the indemnification clause by establishing "that it did not exercise any authority over the means and methods of [the] work" (Sosa v 46th St. Dev. LLC, 101 AD3d 490, 493 [1st Dept 2012]). It did this by showing that it did not have control over McGraw's project manager. CGI again failed to raise a triable issue of fact. While it submitted testimony from its project manager and two other witnesses that he performed work "on behalf of" 56th and Park (NY) Owner, LLC, this testimony does not suggest that 56th and Park (NY) Owner, LLC had control over the means and methods of the work (id.).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026